UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PINNACLE VENTURES LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERTELSMANN EDUCATION SERVICES,<br><br>Defendant. | Case No. 18-cv-03412-BLF<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AT ECF 34** |

Before the Court is Defendant's Administrative Motion to File Under Seal Confidential Information in its Reply in Further Support of Amended Motion to Dismiss. Mot., ECF 34. Plaintiff did not file an opposition to Defendant's motion. For the reasons stated below, Defendant's motion at ECF 34 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or

protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

The Court has reviewed Defendant's sealing motion and declaration submitted in support thereof. Defendant states that the document sought to be sealed in part contains confidential information related to financial transactions involving, Defendant, Plaintiff Pinnacle Ventures, LLC, and non-party private company HotChalk, Inc. ("HotChalk"). Mot. at 1; Moreno Decl. ¶ 3, ECF 34-1. The Court finds that Defendant has articulated compelling reasons to seal certain portions of the submitted document and the proposed redactions are narrowly tailored. The Court's ruling on the sealing request is set forth in the table below:

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 34-4 | Defendant's Reply in Further Support of Amended Motion to Dismiss | GRANTED as to highlighted portions at pages 6 7, 9, and 10. | The proposed redacted portions at pages 6, 7, 9, and 10 contain confidential business and financial information of non-party private company HotChalk, the disclosure of which would cause competitive harm to HotChalk. Moreno Decl. ¶ 3; Mot. at 1. |

## III. ORDER

For the foregoing reasons, Defendant's motion at ECF 34 is GRANTED. Defendant need not refile the lesser redacted version of the document, as Defendant has already filed that version as an attachment to ECF 34.

**IT IS SO ORDERED.**

Dated: October 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge

2