1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| PINNACLE VENTURES LLC, et al., | Case No. 18-cv-03412-BLF |
| Plaintiffs, | |
| v. | **OMNIBUS ORDER GRANTING PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
| BERTELSMANN EDUCATION SERVICES, | [Re: ECF 83, 88, 91, 94] |
| Defendant. | |

Before the Court are several unopposed administrative motions to file under seal documents relating to (1) Defendant's Answer and Counterclaims; (2) Plaintiffs' Motion to Dismiss and Special Motion to Strike Defendant's Counterclaims; (3) Defendants' Opposition; and (4) Plaintiffs' Reply.

The motions are GRANTED for the reasons discussed below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part

must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

Because the parties' sealing motions relate to Defendant's pleading and the briefing on Plaintiffs' motion to dismiss and strike that pleading, the sealing motions are more than tangentially related to the merits of the case. Thus, the compelling reasons standard applies. Having reviewed the parties' motions and supporting declarations, the Court concludes that the parties' have articulated compelling reasons to seal portions of the documents at issue and that the proposed redactions are narrowly tailored. The Court's rulings on the sealing motions are set forth below.

| ECF No. | Document to be Sealed | Ruling | Reasoning |
|---------|----------------------|--------|-----------|
| 83-4 | Defendant's Answer to First Amended Complaint and Counterclaims | GRANTED as to the highlighted portions of paragraphs 1, 2, 6, 8, 9, 11, 12, 24-27, 29, 37, 39, 40, 48-50, 52, 53, 94, 96, 98-102, 104-109, 115, and 120. | The proposed redacted portions describe or quote business, financial, and other information regarding non-party private company HotChalk, Inc., the disclosure of which would cause competitive harm to HotChalk. Moreno Decl. ¶ 3, ECF 83-1. |
| 88-4 | Plaintiffs' Motion to Dismiss and Special Motion to Strike Defendant's Counterclaims | GRANTED as to the highlighted portions of pages 2, 4, 5, 8, 9, 11, and 12. | The proposed redacted portions contain sensitive, non-public, and confidential business and financial information relating to Plaintiffs, Defendant, and HotChalk, a privately held company that is not a party to this action. This |

| | | | |
|---|---|---|---|
| | | | information could cause competitive harm to Plaintiffs, Defendant, and HotChalk if made public.  Lutz Decl. ¶¶ 2-8, ECF 88-1. |
| 88-6 | Exhibit A to Declaration of Brian Lutz in Support of Plaintiffs' Motion to Dismiss and Special Motion to Strike Defendant's Counterclaims | GRANTED as to entire document | The document is a loan and security agreement entered into between Plaintiffs and HotChalk.  It contains sensitive, non-public, and confidential business and financial information relating to Plaintiffs and third-party HotChalk.  Lutz Decl. ¶¶ 2-8, ECF 88-1. |
| 88-8 | Exhibit A to Declaration of Brian Lutz in Support of Plaintiffs' Motion to Dismiss and Special Motion to Strike Defendant's Counterclaims | GRANTED as to entire document | The document is a loan and security agreement entered into between Defendant and HotChalk.  It contains sensitive, non-public, and confidential business and financial information relating to Defendant and third-party HotChalk. Lutz Decl. ¶¶ 2-8, ECF 88-1. |
| 91-4 | Defendant's Opposition to Plaintiffs' Motion to Dismiss and Special Motion to Strike Counterclaims | GRANTED as to the highlighted portions of pages 3, 4-6, 12, 14, 16, 18-19, and 21. | The proposed redacted portions describe sensitive business, financial, and other information related to non-party private company HotChalk and/or Defendant, that if disclosed would harm HotChalk's competitive standing in the market and Defendant's leverage to negotiated future financing.  Moreno Decl. ¶ 3, ECF 91-1. |

| 94-4 | Reply in Support of Plaintiffs' Motion to Dismiss and Special Motion to Strike Defendant's Counterclaims | GRANTED as to the highlighted portions of pages 8 and 11. | The proposed redacted portions contain sensitive, non-public, and confidential business and financial information relating to Plaintiffs, Defendant, and HotChalk, Inc., a privately held company that is not a party to this action. This information could cause competitive harm to Plaintiffs, Defendant, and HotChalk if made public. Lutz Decl. ¶¶ 2-5, ECF 94-1. |

## III.    ORDER

The parties' sealing motions filed at ECF 83, 88, 91, and 94 are GRANTED. The parties have filed redacted versions of the documents in question. No further action is required.

Dated:  December 10, 2019

_____
BETH LABSON FREEMAN
United States District Judge